KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney
KATHERINE DOWLING (SBN 220767)

450 Golden Gate Avenue, 10th Floor
San Francisco, California 94102-3495
Telephone:   (415) 436-7264
Facsimile:   (415) 436-6748
Email:       abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN CHRISTOPHER SHEVLAND,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA and<br>DOES ONE through TEN,<br><br>    Defendants. | No. C 04-0576 MJJ<br>**E-FILING CASE**<br><br>[~~PROPOSED~~] ORDER COMPELLING INDEPENDENT MEDICAL EXAMINATION |

   The parties have stipulated that plaintiff's mental condition is in controversy and that the government is entitled to an Order under Fed.R.Civ.P. Rule 35 requiring plaintiff to attend its requested neuropsychological exam consisting of neuropsychological testing only (*i.e.* no interview) and a psychiatric examination consisting of an interview only.  The parties have submitted a joint letter describing the various disputed issues regarding the government's request for an Order that plaintiff submit to a mental examination pursuant to that Rule. [Docket No. 133.] The Court has considered the joint submission as a motion under Rule 35.  Having carefully considered the issues raised and having heard oral argument, and good cause appearing therefor, the Court hereby orders as follows:

   1.  No documentation or things generated by the mental examinations (such as notes, raw data, draft reports, etc.) will be destroyed or discarded.  All such material will

1  be preserved and produced for copying by plaintiff's copy service at the time that
2  each written report is produced.
3  2.  Plaintiff will be deemed to have requested a "detailed written report" from each
4  examiner as that term is used in Rule 35(b)(1). Such reports shall be produced to
5  plaintiff not later than 20 days after each respective mental exam. Plaintiff will
6  produce all "like reports" in accordance with Rule 35.
7  3.  Plaintiff shall submit to neuropsychological testing by Dr. Sarah Hall at 300
8  Tamal Plaza, Ste. 140 Corte Madera, CA on November 15, 2006. The
9  neuropsychological testing may extend to 8 hours of testing, and it shall be
10 completed within a single day. The Court will consider any declarations filed
11 promptly by the government in a request for reconsideration of the Court's ruling
12 regarding the single day condition. Defendant shall deliver to Plaintiff Dr. Hall's
13 CV forthwith. Within ten days after receiving the neuropsychological "raw data"
14 from plaintiff's treating neuropsychologists, but in no event later than ten days
15 prior to the date the neuropsychological examination takes place, defendant shall
16 provide to plaintiff a list of the names of the neuropsychological tests Dr. Hall
17 intends to administer to plaintiff. The names of the tests shall be disclosed to
18 plaintiff's counsel who shall keep such information in confidence and share it
19 only with such plaintiff's consultants as are necessary for the purpose of
20 determining whether plaintiff has cause to request relief from the Court to prevent
21 any of the listed tests from being administered. Plaintiff's counsel shall not inform
22 plaintiff of the tests to be conducted and shall not use the information provided to
23 prepare plaintiff to take the tests.
24 4.  Plaintiff shall submit to a psychiatric interview by Dr. Mark Levy at 655 Redwood
25 Highway, Suite 271 Mill Valley on November 17, 2006. The interview shall not
26 exceed six hours. Defendant shall deliver to Plaintiff Dr. Levy's CV forthwith.
27 Because the government has represented that Dr. Levy objects to recording the
28

[~~Proposed~~] Order Compelling IME
C 04-0576 MJJ                                        2

1 | psychiatric interview and the Court, having previously heard testimony from
2 | psychiatrists in other cases that recording interferes with the psychiatric interview
3 | as further elucidated on the record of the October 11, 2006 hearing on this matter,
4 | plaintiff shall not be entitled to record or have a witness observe the interview.
5 |    5. There shall be the only one government neuropsychological examination and only
6 | one government psychiatric interview for the duration of this case. Nothing in
7 | this Order shall prohibit the government from seeking leave to conduct additional
8 | Rule 35 medical examinations to explore other issues.

**IT IS SO ORDERED.**

10/23/06
DATE

HON. JOSEPH C. SPERO
U.S. Magistrate Judge

Approved as to form.

_____
Anthony David
Attorney for Plaintiff

[Proposed] Order Compelling IME
C 04-0576 MJJ

3