United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEVLAND, | No. C04-00576 MJJ |
|     Plaintiff, | **ORDER REGARDING DISCOVERY DISPUTES** |
| v. | |
| UNITED STATES OF AMERICA, | |
|     Defendant. | |

Before the Court are several discovery disputes in this matter raised by several letters submitted to the Court. (Docket Nos. 209, 210, 211.)

### A. Plaintiff's Request To Designate Additional Liability Expert.

The Court has reviewed Dr. Kelkar's April 9, 2007 supplemental expert report (Docket No. 209, Exh. 1) and finds that it contains new opinions on issues which Dr. Kelkar previously testified in deposition that he had not yet analyzed. Good cause appearing therefor, the Court **GRANTS** Plaintiff's request to designate Dr. Der Avanessian as a liability expert. The Court hereby **ORDERS** Plaintiff to serve Defendant with a copy of Dr. Der Avanessian's expert report by **Thursday, June 14, 2007**. The Court also **AMENDS** the Sixth Pretrial Order to extend the time for Defendants to take Dr. Der Avanessian's deposition until June 29, 2007. The parties shall promptly meet-and-confer to agree upon a date for Dr. Der Avanessian's deposition.

//

### B. Plaintiff's Request To Depose Certain Of Defendant's Experts Beyond The Discovery Cutoff.

The Court has reviewed Plaintiff's letter request (Docket No. 210) for leave to depose certain of Defendant's experts – Drs. Kelkar, Hall, and Levy – beyond the June 16, 2007 discovery cutoff.

Plaintiff has adequately established good cause for relief from the discovery cutoff with respect to Dr. Kelkar based on difficulties in scheduling his deposition. Good cause appearing therefor, the Court **AMENDS** the Sixth Pretrial Order to extend the cutoff for Plaintiff to take Dr. Kelkar's deposition until June 29, 2007.

With respect to Drs. Hill and Levy, to the extent that Defendants oppose Plaintiff's request for leave to conduct three additional hours of questioning each for these doctors, Defendants shall file a letter brief limited to two (2) pages setting forth the reasons for their opposition no later than **noon on Friday, June 15, 2007,** at which point the matter will be deemed submitted. Defendants' opposition, if any, shall specifically address the status of the document production in response to the subpoenas served on these witnesses and whether the timing and nature of that production justifies Plaintiffs' request for relief.

### C. Dispute Regarding Mr. Aloan's File.

The Court has reviewed Plaintiff's letter (Docket No. 211) regarding a dispute that arose earlier today regarding the production of the file of Thomas Aloan, the investigator retained by the government to conduct surveillance on Plaintiff. The Court considers it imprudent to grant the type of relief requested – production of documents for which the government may have an assertion of privilege – without providing an adequate opportunity for Defendant to advise the Court of its position in writing. Accordingly, Defendants **SHALL** file, no later than **noon on Friday, June 15, 2007**, a letter brief limited to two (2) pages addressing Defendant's apparent reversal of position and decision to fly the file to San Francisco for a privilege review, at which point the Court will deem the matter submitted. To the extent that the Court determines either that the privilege review could have been conducted in a manner not disruptive to the parties' ability to resume Mr. Aloan's deposition this week, or that Defendant's conduct amounts to tactical gamesmanship in light of the looming discovery cutoff, the Court will consider appropriate sanctions, including costs of resuming

the deposition and/or evidentiary sanctions.

**IT IS SO ORDERED.**

Dated: 6/13/07

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE